# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST A. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC, et al., <br><br> Defendants. | Case No.: 18cv110-MMA (BGS) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** <br><br> [Doc. Nos. 9, 12] |

On October 27, 2017, Plaintiff Earnest A. Davis, proceeding *pro se*, filed this breach of contract action in the Superior Court of California, County of San Diego, against multiple defendants, including Nationstar Mortgage, LLC, Chase Bank, Selene Finance LP, Wilmington Savings Fund Society FSB. *See* Doc. No. 1-2. Nationstar answered Plaintiff's complaint in state court. *See* Doc. No. 18-1. Chase Bank removed the action to this Court. *See* Doc. No. 1. Chase Bank, Selene Finance, and Wilmington Savings move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. Nos. 9, 12. In lieu of an opposition to the motions, Plaintiff filed a document styled as a "Declaration in Opposition to Notice to Remove State Action." *See* Doc. No. 15. The Court took Defendants' motions under submission

1

on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 20. For the reasons set forth below, the Court **GRANTS** Defendants' motions.

## BACKGROUND[1]

On July 2, 2007, Plaintiff obtained a loan from Washington Mutual Bank, F.A. ("WaMu") ("the subject loan") in the amount of $465,000.00 to purchase real property located at 1223-1225 Helix Street in Spring Valley, California ("the property"), secured by a deed of trust. Thereafter, WaMu ceased operations and Chase Bank acquired certain assets and liabilities of WaMu, including the subject loan. By April 2010, Plaintiff had defaulted on the subject loan. Several Notices of Trustee's Sale were recorded against the property, but the property was not sold. On May 19, 2014, Chase Bank notified Plaintiff that he had been approved for a "Trial Period Plan" under the Home Affordable Modification Plan ("HAMP"), as a "first step toward qualifying for more affordable mortgage payments." Doc. No. 1-3 at 9.[2] The plan set forth a schedule of three (3) monthly trial period payments, with the first payment due on July 1, 2014. The terms of the program included a debt forgiveness provision which would result in a permanent reduction of the principal amount of the loan. Chase Bank then transferred service of the loan to Nationstar Mortgage.

According to Plaintiff, Nationstar "intercepted" his August 2014 mortgage payment, which he submitted in the form of three (3) money orders. Doc. No. 1-2 at 3. Plaintiff claims that employees of Nationstar stole the money orders and used the money for their personal benefit. Plaintiff filed a criminal complaint against Nationstar. In January 2015, Nationstar agreed to modify the terms of the subject loan. The loan modification did not include a debt forgiveness provision. In April 2015, Plaintiff

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in Plaintiff's complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[2] Citations to electronically-filed documents refer to the pagination assigned by the CM/ECF system.

received notification of his qualification for Keep Your Home California's "Principal Reduction Program," and eligibility for $100,000.00 in assistance with paying past due amounts on the subject loan, and reducing the remaining balance of the subject loan.

In July 2015, Nationstar provided Plaintiff with an account statement which appears to reflect that a lump sum payment totaling $100,000.00 was received and applied to the principal amount of the subject loan on June 30, 2015. The statement also indicates that Plaintiff owed Nationstar a payment of $1,480.01 on or before August 1, 2015. *See* Doc. No. 10-1 at 27. Although it is not entirely clear from the face of Plaintiff's complaint, it seems as though Plaintiff understood that the assistance from Keep Your Home California would be provided in the form of monthly mortgage payments, rather than a lump sum. As such, Plaintiff anticipated that the assistance would cover his mortgage payments through October 2015. By December 2015, Nationstar had notified Plaintiff that he was at risk of default.

On July 5, 2017, a Notice of Default and Election to Sell was recorded against the subject property. A Notice of Trustee's Sale was recorded on October 24, 2017. Plaintiff initiated this action in state court on October 27, 2017, alleging a single cause of action for breach of contract arising out of the events set forth above. Plaintiff also sought a temporary restraining order ("TRO") prohibiting the sale of the subject property. *See id.* at 5. On November 2, 2017, the court granted Plaintiff's request for a TRO. On December 1, 2017, the court preliminarily enjoined sale of the subject property "so long as plaintiff makes monthly payment of $1391/month, payable by mail (post-marked) on the first of each month commencing on January 1, 2018." *Id*. at 6. The court cautioned Plaintiff that the injunction would be dissolved upon the first missed payment. *See id.*

### REQUESTS FOR JUDICIAL NOTICE

Defendants request that the Court take judicial notice of the following documents in support of the pending motions to dismiss: (1) the Deed of Trust recorded in the Official Records of San Diego County on July 2, 2007, as instrument number 2007-0441811, (2) the Notice of Default recorded in the Official Records of San Diego County

on April 23, 2010, as instrument number 2010-0202025, (3) the Notice of Default recorded in the Official Records of San Diego County on July 5, 2017, as instrument number 2017-0301797, (4) the Notice of Trustee's Sale recorded in the Official Records of San Diego County on October 23, 2017, as instrument number 2017-0490542.

Generally, a district court's review on a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court finds that the proffered documents are public records which are properly the subject of judicial notice. The documents have been recorded in the San Diego County Recorder's Office; thus, these exhibits are a matter of public record. *See* Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendants' requests for judicial notice as to these documents.

## DISCUSSION

### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### 2. Analysis

Chase Bank, Selene Finance, and Wilmington Savings move for dismissal from this action on the grounds that Plaintiff fails to plausibly claim that these financial institutions bear any contractual liability related to Plaintiff's dealings with Nationstar.

"Under California law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff." *EPIS, Inc. v. Fidelity &*

*Guaranty Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (Cal. 1968)). "It is essential to the maintenance of an action on any contract that there should subsist a privity between plaintiff and defendant in respect of the matter sued on." 13 Williston on Contracts § 37:1 (4th ed.) (internal quotation marks omitted).

The gravamen of Plaintiff's complaint is Nationstar's purported mishandling of his August 2014 mortgage payment, and subsequent breach of the January 2015 loan modification agreement. Plaintiff does not allege, and it does not appear from the face of his complaint, that Chase Bank, Selene Finance, or Wilmington Savings were parties to the loan modification agreement. The sequence of events set forth by Plaintiff in his complaint establishes that none of these financial institutions had an interest in the subject loan at the time of Nationstar's alleged misdeeds.

Furthermore, Plaintiff's complaint sets forth no allegations specifically against Wilmington Savings. It appears from the record that Wilmington's role has been limited to serving as a trustee. Plaintiff does not allege the existence of a contract between himself and Wilmington, much less a breach of any such contract. With respect to Chase Bank, the trial period reduced payment plan offered to Plaintiff by Chase Bank "under HAMP constitute[d] a valid, enforceable contract under state law." *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 799 (4th Dist. 2013) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556-57 (7th Cir. 2012)). However, Plaintiff does not allege that Chase Bank breached the contract prior to the transfer of service of the subject loan to Nationstar, and Chase Bank was not a party to the January 2015 loan modification agreement.

As to Selene Finance, assuming Plaintiff's loan modification agreement remained valid and binding subsequent to the transfer from Nationstar, *see* Cal. Civ. Code § 2924.11(g), Plaintiff does not allege any further breach of the agreement by Selene. Plaintiff's sole allegation against Selene Finance is that the company "ignored my concern and refused to even acknowledge this breach of agreement during subsequent

6

18cv110-MMA (BGS)

1 attempts at qualifying for loan modification agreements." Doc. No. 1-2 at 5. Nor does Plaintiff allege that he has complied with his duties and obligations under the loan modification agreement, or has an excuse for non-performance, since Selene Finance began servicing the subject loan.

In sum, Plaintiff fails to allege a plausible breach of contract claim against Chase Bank, Selene Finance, and Wilmington Savings. Nor does it appear that he will be able to do so. As such, his claim as to these three defendants is subject to dismissal without leave to amend. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (holding that leave to amend is properly denied if amendment would be futile).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motions to dismiss. Accordingly, the Court **DISMISSES** Plaintiff's complaint as to Defendants Chase Bank, Selene Finance, and Wilmington Savings, with prejudice. The Court **DIRECTS** the Clerk of Court to terminate this action as to these three defendants.

**IT IS SO ORDERED**.

DATE: April 24, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge