**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EARNEST A. DAVIS,<br><br>                          Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>                         Defendants. | Case No.: 18cv110-MMA (BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[Doc. No. 24] |

      On October 27, 2017, Plaintiff Earnest A. Davis, proceeding *pro se*, filed this breach of contract action in the Superior Court of California, County of San Diego, against multiple defendants, including Nationstar Mortgage, LLC, Chase Bank, Selene Finance LP, and Wilmington Savings Fund Society FSB. *See* Doc. No. 1-2. Nationstar answered Plaintiff's complaint in state court. *See* Doc. No. 18-1. Chase Bank removed the action to this Court. *See* Doc. No. 1. Chase Bank, Selene Finance, and Wilmington Savings moved to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. Nos. 9, 12. The Court granted Defendants' motions. *See* Doc. No. 21. Plaintiff now moves the Court to temporarily restrain and permanently enjoin Selene Finance from proceeding with a non-judicial foreclosure sale of his

1

residential property. *See* Doc. No. 24. Plaintiff further requests that the Court reconsider its order dismissing Selene Finance as a party to this action, and reaffirm the temporary restraining order previously issued by the state court prior to removal. Nationstar, the sole remaining defendant in this action, has filed an opposition to Plaintiff's motion. *See* Doc. No. 30. Nationstar argues that it currently holds no interest in the subject property, does not service Plaintiff's loan, and therefore is unable to provide Plaintiff with the relief he requests. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## DISCUSSION

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22.

Here, Plaintiff fails to demonstrate that he is likely to succeed on his remaining claims against Nationstar. More importantly, however, "[a] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration & Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1983). In other words, the Court's injunction can bind only those persons over which the Court has power. *See id*. A review of the record demonstrates that Selene Finance is the current servicer of Plaintiff's mortgage account. As noted above, the Court dismissed this action as to Selene Finance, and therefore no longer has personal jurisdiction over Selene Finance. The Court does not have the authority to enjoin a party over whom it lacks jurisdiction, and Nationstar, as the former loan servicer,

is not in a position to halt or otherwise alter non-judicial foreclosure proceedings as to the subject property.

To the extent Plaintiff requests reconsideration of the Court's dismissal of Selene Finance from this litigation, the Court declines to do so.[1] A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) "may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). The Court has reviewed its previous Order dismissing Selene Finance from this action, and finds no error. Plaintiff has not presented any newly discovered evidence, nor has there been an intervening change in the applicable law. As such, reconsideration is inappropriate.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion in all respects.

**IT IS SO ORDERED**.

DATE: July 5, 2018

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Plaintiff states that he failed to oppose Selene Finance's motion to dismiss due to a death in the family, and the resulting need to travel. The Court appreciates the difficulties inherent in managing civil litigation without the assistance of counsel. Nevertheless, *pro se* status does not excuse a litigant from full participation in litigation, and it is not grounds for reconsideration of the Court's order of dismissal. Like all litigants, *pro se* litigants are bound by and expected to comply with the local rules of this District and the Federal Rules of Civil Procedure. *See* Civ. L.R. 83.11.a (stating that persons appearing pro se are "bound by these rules of court and by the Fed. R. Civ. P.," and that failure to comply "may be ground for dismissal").